| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY<br>STATE OF COLORADO<br>270 S. Tejon St.,<br>Colorado Springs, CO 80903<br>719-452-5000 | DATE FILED: January 5, 2022 3:55 PM<br>FILING ID: F8ABA4284C5C4<br>CASE NUMBER: 2022CV30018 |
| Plaintiff:<br><br>**LISA MARCY,**<br><br>v.<br><br>Defendant:<br><br>**REPUBLIC AIRLINE, INC., d/b/a UNITED EXPRESS, a/k/a REPUBLIC.** | ▲ **COURT USE ONLY** ▲<br>Case Number: |
| **Attorney for Plaintiff:**<br>Jake C. Eisenstein, #39315<br>Ryan S. Stevens, #50003<br>Eisenstein Law, LLC<br>600 Grant Street, Ste 825<br>Denver, CO 80203<br>Phone Number: 303-390-0799<br>Fax Number: Declined<br>E-mail: jake@eisensteinlaw.com<br>           ryan@eisensteinlaw.com | Div.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through her attorneys, states and alleges as follows for her Complaint against the Defendant:

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff Lisa Marcy was a resident of Colorado.

2. At all times relevant to this action, Defendant Republic Airline, Inc. d/b/a United Express, a/k/a Republic ("Republic") was a foreign corporation organized under the laws of Indiana.

3. On January 6, 2020, Ms. Marcy was a passenger on United Airlines, Inc. flight No. UA3488, with service from Denver to Colorado Springs (the "Flight").

1

4. The Flight was operated by Republic.

5. While on the Flight, Ms. Marcy fell asleep.

6. Upon information and belief, a Republic flight attendant failed to properly secure the serving cart in its stowed position.

7. This failure caused the serving cart to move during landing.

8. During the landing, Ms. Marcy was suddenly awakened when an unsecured passenger serving cart collided with her seatback or caused an impact to her seatback (the "Incident").

9. At all material times, Republic was in control of and responsible for Ms. Marcy's safe transport from Denver to Colorado Springs on January 6, 2020.

10. At the time of the Incident, Republic was a common carrier engaged in the business of providing air transportation to passengers within the United States.

11. As a common carrier, Republic owed its passengers a duty of utmost care and to operate its aircraft in the safest manner possible.

12. Republic negligently maintained and operated the Flight.

13. Republic failed to properly train, educate, and supervise its crew on the Flight regarding the proper safe storage of serving carts.

14. On information and belief, Republic failed to abide by its own policies and procedures.

15. At the time of the Incident, Republic was subject to Federal Aviation Regulations and Codes, including but not necessarily limited to 14 CFR 135.122.

16. Republic can only act through its officers, employees, managers, or other agents.

17. An act or omission of Republic's officers, employees, managers, or other agents, is an act or omission of Republic.

18. Ms. Marcy was not comparatively negligent in the Incident.

19. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124.

20. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) & (5).

21. As a direct and proximate result of the Incident, Ms. Marcy sustained injuries, damages, and losses, including, without limitation, economic loss, non-economic loss and physical impairment.

## First Claim for Relief
(Negligence)

22. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

23. On January 6, 2020, Republic was the operator of the Flight.

24. As the Operator of the Flight, Republic owed Ms. Marcy a common law duty of care.

25. As the Operator of the Flight, Republic was a common carrier engaged in the business of providing air transportation to passengers within the United States.

26. At all material times hereto, Republic owed Ms. Marcy a duty of utmost care and to operate the aircraft in the safest manner possible.

27. Republic owed Ms. Marcy a duty to act as a reasonably prudent person would under the same or similar circumstances.

28. Republic, by and through its officers, agents, employees, or managers, failed to properly secure a serving cart in its stowed position during landing.

29. The unsecured serving cart caused an impact to the rear of Ms. Marcy's seat causing injury.

30. At all material times hereto, Republic negligently, carelessly, and recklessly breached its duty of care to Ms. Marcy by failing to safely maintain, operate, equip, or manage the Flight by failing to properly secure the serving cart in its stored position or by otherwise allowing the serving cart to move during landing and cause an impact to the back of Ms. Marcy's seat.

31. At all material times hereto, Republic negligently, carelessly, and recklessly breached its duty of care to Ms. Marcy by failing to properly train, teach, and educate its flight crew to operate a passenger aircraft and, upon information and belief, by failing to abide by its safety policies and procedures, which include properly securing serving carts in their stowed positions during landing.

32. As a direct and proximate result of Republic's negligence, Ms. Marcy suffered and continues to suffer injuries, damages and losses.

## Second Claim for Relief
(Negligence *Per Se*)

33. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

34. Defendant Republic had a duty to comply with applicable statutes, laws, ordinances, codes, regulations, or standards regarding its conduct and the conduct of its crew which were in full force and effect at the time of the Incident.

35. Defendant Republic failed to comply with applicable statutes, laws, ordinances, codes, regulations, or standards regarding its conduct and the conduct of its crew on the Flight which were in full force and effect at the time of the Incident.

36. The acts of Defendant Republic violated *at least* the following sections of the Code of Federal Regulations, and/or the corresponding local rules, regulations, or statutes, which were in full force and effect at the time of the Incident, 14 CFR 135.122.

37. Ms. Marcy was among the class of individuals sought to be protected by the statutes, ordinances, codes, or regulations, from the type of harm inflicted upon them.

38. Injury to a person in the Ms. Marcy's position was a reasonably foreseeable result of Defendant Republic's violation of the statues, ordinances, codes, or regulations.

39. Defendant Republic's failure to comply with the applicable statues, ordinances, codes, or regulations, constituted negligence *per se.*

40. As a direct and proximate result of the negligence *per se* of Defendant Republic, Ms. Marcy suffered injuries, damages and losses set forth above.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant Republic and that she be awarded an amount that will fully compensate her for all injuries, damages and losses that she has sustained, including: economic and non-economic damages, as provided for under Colorado Law; and physical impairment and disfigurement damages, all allowable costs, including expert witness fees; pre- and post-judgment interest at the maximum amount allowed by law; moratory interest; and for such other and further relief as the Court deems just and proper.

Dated: January 5, 2022                               Respectfully Submitted,

                                                     Eisenstein Law, LLC,

                                                     */s/ Jake Eisenstein*
                                                     Jake C. Eisenstein, #39315
                                                     Ryan S. Stevens, #50003
                                                     Attorney for Plaintiff

*In accordance with C.R.C.P. 121 § 1-26(7) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

Plaintiff's Address:
167 Cactus Drive West,
Canon City, CO 81212